UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| | * | |
| | * | |
| UNITED STATES OF AMERICA, | * | |
| | * | |
| v. | * | Criminal Action No. 19-cr-10004-ADB |
| | * | |
| LENIN ALFREDO AMPARO. | * | |

**MEMORANDUM AND ORDER ON MOTION TO MODIFY SENTENCE AND
EMERGENCY MOTION FOR A HEARING**

BURROUGHS, D.J.

Currently before the Court are Lenin Alfredo Amparo's motion for modification of his

sentence, [ECF No. 73], and emergency motion for a hearing on that motion, [ECF No. 78].

Amparo's emergency motion for a hearing, [ECF No. 78], is <u>DENIED</u>.  While parties may

request oral argument, whether to allow it is left to the Court's discretion.  L.R. 7.1(d).  The

Court finds that the issues presented by the motion are sufficiently clear based on the parties'

written submissions and that oral argument is not warranted.  Further, for the reasons set forth

below, Amparo's motion to modify his sentence, [ECF No. 73], is <u>DENIED</u> with leave to renew.

I.      **FACTUAL BACKGROUND**

On October 25, 2019, Amparo pleaded guilty to making a false representation of a Social

Security number, in violation of 42 U.S.C. § 408(a)(7)(B).  [ECF No. 60].  The Court sentenced

him to two years' incarceration, followed by two years of supervised release pursuant to the

agreed-upon disposition recommendation included in the parties' Federal Rule of Criminal

Procedure 11(c)(1)(C) plea agreement.  [ECF No. 65 (sentencing); ECF No. 64 (plea

agreement)].  Amparo began serving his sentence at Moshannon Valley Correctional Institution ("MVCI") in Pennsylvania on June 20, 2020.  [ECF No. 73 at 3].

The Court assumes familiarity with the ongoing COVID-19 pandemic and the risk to inmates within the federal prison system.  The Centers for Disease Control and Prevention ("CDC") states that "COVID-19 spreads mainly among people who are in close contact (within about 6 feet) for a prolonged period," and recommends that individuals practice "social distancing" because "keeping space between [individuals] is one of the best tools we have to avoid being exposed to this virus and slowing its spread" locally and across the country and world.  Social Distancing: Keep a Safe Distance to Slow the Spread, CDC, (last updated July 15, 2020), https://www.cdc.gov/coronavirus/2019-ncov/prevent-getting-sick/social-distancing.html. The CDC has also issued guidance specific to correctional facilities, recognizing that "social distancing can be challenging to practice in correctional and detention environments" but noting that "it is vital for the prevention of . . . COVID-19 . . . ."  Interim Guidance on Management of Coronavirus Disease 2019 (COVID-19) in Correctional and Detention Facilities, CDC, (last updated Oct. 21, 2020), https://www.cdc.gov/coronavirus/2019-ncov/community/correction-detention/guidance-correctional-detention.html.

██████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████  He further alleges that his medical conditions make him more vulnerable to COVID-19 than he otherwise would be, and that at MVCI, COVID-19 health precautions, including social distancing and mask-wearing, are only

laxly implemented.  [ECF No. 73 at 4].  Finally, he alleges that, as of October 30, 2020, thirty

individuals at MVCI had tested positive for COVID-19.  [ECF No. 80 at 1].

## II.    PROCEDURAL BACKGROUND

On July 30, 2020, Amparo petitioned MVCI's warden for compassionate release, [ECF

No. 73-1], but the petition was denied, [ECF No. 73 at 3].  On October 13, 2020, Amparo filed

the instant motion, seeking an order from the Court modifying his sentence to time served, with

supervised release to begin immediately.[1]  [ECF No. 73 at 1].  The Government opposed on

October 26, 2020.  [ECF No. 77].  On October 30, 2020, Amparo filed an emergency motion for

a hearing on his motion for modification, [ECF No. 78], the Government responded, [ECF No.

79], and Amparo replied, [ECF No. 80].

## III.   DISCUSSION

Amparo seeks release under 18 U.S.C. § 3582(c)(1)(A).  [ECF No. 73 at 1].  Previously,

incarcerated defendants could seek release under this statute only upon motion of the Bureau of

Prisons.  The First Step Act of 2018, however, amended that provision to allow prisoners to seek

relief directly from the courts once they have exhausted their administrative remedies.  Section

3582(c)(1)(A) now provides that

> [t]he Court may not modify a term of imprisonment once it has been imposed
> except that . . . in any case . . . the [C]ourt, upon motion of the Director of the
> Bureau of Prisons, or upon motion of the defendant after the defendant has fully
> exhausted all administrative rights to appeal a failure of the Bureau of Prisons to
> bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of
> such a request by the warden of the defendant's facility, whichever is earlier, may
> reduce the term of imprisonment . . . after considering the factors set forth in [18
> U.S.C. §] 3553(a) to the extent that they are applicable, if it finds that . . .
> (i) *extraordinary and compelling reasons* warrant such a reduction . . . and that such

---

[1] In a subsequent filing, Amparo noted that he is "willing to serve the balance of his sentence
under home confinement if the court determines that a revised sentence of time served is not
appropriate."  [ECF No. 80 at 2].

a reduction is consistent with applicable policy statements issued by the Sentencing
Commission . . . .

18 U.S.C. § 3582(c)(1)(A) (emphasis added).

Section 1B1.13 of the Sentencing Guidelines further explains that the Court may reduce a

defendant's sentence if, after considering the factors in 18 U.S.C. § 3553(a), the Court

determines that

> (1)(A) Extraordinary and compelling reasons warrant the reduction; . . .
> (2) The defendant is not a danger to the safety of any other person or to
> community, . . . ; and
> (3) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.

Amparo has the burden of proving that he is entitled to relief under 18 U.S.C. § 3582.

United States v. Butler, 970 F.2d 1017, 1026 (2d Cir. 1992) ("If the defendant seeks decreased

punishment, he or she has the burden of showing that the circumstances warrant that decrease.").

To meet this burden, he must satisfy three requirements.  See United States v. Jackson,

No. 19-cr-00347, 2020 WL 3402391, at *4 (D.D.C. June 19, 2020).  First, he must show that

"extraordinary and compelling reasons" warrant the release; second, he must show that release is

consistent with the Sentencing Commission's policy, which requires showing that he is not a

danger to the safety of any other person or the community; finally, he must show that the

sentencing factors in 18 U.S.C. § 3553(a) justify release.  Id.

Amparo petitioned MVCI's warden for release on July 30, 2020, [ECF No. 73-1], and

although he has put forth no documentary evidence that his request was denied, he states as

much in his brief, [ECF No. 73 at 3].  In any event, because it has been more than thirty days

since his July 30, 2020 letter, Amparo has satisfied the administrative exhaustion requirement of

18 U.S.C. § 3582(c)(1)(A)(i).  The Court must therefore determine whether "extraordinary and

compelling reasons" support compassionate release, consistent with the § 3553(a) sentencing factors and the Sentencing Commission's policy.  18 U.S.C. § 3582(c)(1)(A).

### A.    "Extraordinary and Compelling Reasons" Under 18 U.S.C. § 3582(c)(1)(A)

The Sentencing Guidelines recognize that compassionate release due to extraordinary and compelling reasons may be appropriate in cases where, for example, family circumstances or the defendant's age or health make release appropriate.  U.S.S.G. § 1B1.13 cmt. n.1(A)–(C).  Courts have found that the Sentencing Guidelines set forth a non-exhaustive list and that release may also be warranted under the policy's "catch-all provision [which] allows for compassionate release when 'there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with' the other enumerated reasons."  United States v. Guzman-Soto, No. 18-cr-10086, 2020 WL 2104787, at *3 (D. Mass. May 1, 2020) (quoting U.S.S.G. § 1B1.13 cmt. n.1(D)).

The Government acknowledges that ███████ and ███████████ "constitute 'extraordinary and compelling reasons' to warrant consideration of compassionate release" but argues that the mere fact that Amparo suffers from medical conditions does not merit release.  [ECF No. 77 at 2, 7–8].  The Court agrees.  While the Court is cognizant of the dangers of COVID-19, especially for individuals with existing health conditions that make them likelier to suffer serious effects if the disease is contracted, Amparo does not allege that he has contracted COVID-19, is manifesting any COVID-19 symptoms, or has come into contact with anyone who has COVID-19.[2]  See [ECF Nos. 73, 80].  He alleges only that his pre-existing conditions make him more vulnerable and that he is at a high risk of contracting COVID-19 because few inmates at

---

[2] In his most recent filing, Amparo alleges that "there are apparently 30 positive Covid-19 cases on one pod at [MVCI]."  [ECF No. 80 at 1].  He does not, however, allege that inmates in *his* pod (or personnel who interact with inmates in his pod) tested positive.

MVCI take necessary precautions such as social distancing and wearing masks.  [ECF No. 73 at 3–4].  Courts around the country have found that, standing alone, risk of contracting COVID-19 does not justify compassionate release.  United States v. Rodriguez-Orejuela, 457 F. Supp. 3d 1275 (S.D. Fla. 2020); United States v. Brummett, No. 07-cr-00103, 2020 WL 6120457, at *2 (E.D. Ky. Oct. 16, 2020) ("[T]he risk of future illness is not sufficient to justify release."); United States v. Gray, No. 11-cr-20131, 2020 WL 5094710, at *5 (D. Kan. Aug. 28, 2020) ("To be sure, it is regrettable that [the plaintiff] is incarcerated during this pandemic.  It is also regrettable that his health conditions place him at increased risk of serious illness should he contract the virus.  But the court isn't convinced that the combination of those two conditions qualifies him for release.").

██████████████████████████████████████████████████████████

████████████████████████████████████████  He concedes, however, that surgery "entails many risks under normal circumstances" and that he is uncertain whether surgery will take place at MVCI or elsewhere.  [ECF No. 80].  Moreover, he has failed to allege with any specificity when surgery will take place and/or why it is any more dangerous than it otherwise would be for him to have surgery while remaining incarcerated.[3]  ████████████████████

████████████████████████████████████████████████████████

██████████████████

    Thus, although the Court is sympathetic to Amparo's situation, it finds that he has failed to meet his burden of demonstrating "extraordinary and compelling reasons" justifying his early release, particularly where he has served only four months of a mandatory minimum two-year

---

[3] Amparo merely notes, in a conclusory fashion, that "surgery, in this case, at an outside facility, carries additional risks of infection, not only from the guards who will undoubtedly accompany him to any facility, but at the facility itself."  [ECF No. 80 at 1–2].

sentence.  The Court has also considered, as it did at sentencing, the fact that two years is a lengthy sentence for the conduct at issue in this case, but concludes that COVID-19 does not justify this Court substituting its own view of an appropriate sentence for that of Congress.

### B.        Dangerousness and the § 3553(a) Factors

Although Amparo has failed to meet his initial burden, in the interests of a complete record, the Court will briefly address the other factors.

First, the Court must consider whether Amparo is "a danger to the safety of any other person or to the community."  U.S.S.G. § 1B1.13(2).  In this case, Amparo's sentence does not arise from a crime of violence.  Therefore, the Court is confident that any risk to public safety could be managed with appropriate release conditions.

Second, the Court must "consider[] the factors set forth in section 3553(a)," 18 U.S.C. § 3582(c)(1)(A), including:

> (1)      the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2)      the need for the sentence imposed—
>    (A)   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>    (B)   to afford adequate deterrence to criminal conduct;
>    (C)   to protect the public from further crimes of the defendant; and
>    (D)   to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> . . .
> (4) the kinds of sentence and the sentencing range established [under the applicable Guidelines sections]
> . . . [and]
> (6) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct.

18 U.S.C. § 3553(a).  The Court weighs these factors against the reasons favoring Amparo's immediate release.  United States v. Ebbers, 432 F. Supp. 3d 421, 430–31 (S.D.N.Y. 2020) ("[I]n considering the section 3553(a) factors, [the court] should assess whether those factors outweigh

the 'extraordinary and compelling reasons' warranting compassionate release, particularly whether compassionate release would undermine the goals of the original sentence.").

Releasing Amparo after he has served a little more than four months, roughly 17%, of his two-year sentence is inconsistent with the purposes of sentencing, including punishment and deterrence.  Additionally, as the Government notes, it would send the wrong message to the public regarding the criminal justice system.  [ECF No. 77 at 7–8].  Moreover, there are undoubtedly scores of incarcerated individuals with ailments similar to Amparo's that place them at high risk of suffering particularly harmful effects if they contract COVID.  The Court simply cannot release everyone with medical issues, particularly when only a small portion of their sentence has been served.

IV.   **CONCLUSION**

The Court finds that Amparo has failed to meet his burden of demonstrating that compassionate release is justified.  His recourse remains with the warden or, perhaps, another motion with the Court if circumstances change and he has served a greater percentage of his sentence.  Accordingly, Amparo's motion, [ECF No. 73], is <u>DENIED</u> with leave to renew as is his emergency motion for a hearing, [ECF No. 78].

**SO ORDERED.**

November 4, 2020                                            /s/ Allison D. Burroughs
                                                                      ALLISON D. BURROUGHS
                                                                      U.S. DISTRICT JUDGE