UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|                               |   |                                        |
|-------------------------------|---|----------------------------------------|
|                               | * |                                        |
| UNITED STATES OF AMERICA,     | * |                                        |
|                               | * |                                        |
| v.                            | * | Criminal Action No. 19-cr-10004-ADB    |
|                               | * |                                        |
| LENIN ALFREDO AMPARO.         | * |                                        |

**MEMORANDUM AND ORDER ON SECOND MOTION TO MODIFY SENTENCE**

BURROUGHS, D.J.

Currently before the Court is Lenin Alfredo Amparo's second motion for modification of his sentence, [ECF No. 84].  For the reasons set forth below, Amparo's motion to modify his sentence, [id.], is DENIED with leave to renew.

**I.       BACKGROUND**

On October 25, 2019, Amparo pleaded guilty to making a false representation of a Social Security number, in violation of 42 U.S.C. § 408(a)(7)(B).  [ECF Nos. 60, 65].  The Court sentenced him to two years' incarceration, followed by two years of supervised release pursuant to the agreed-upon disposition recommendation included in the parties' Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement.  [ECF No. 65 (sentencing); ECF No. 64 (plea agreement)].  Amparo began serving his sentence at Moshannon Valley Correctional Institution ("MVCI") in Pennsylvania on June 20, 2020.  [ECF No. 84 at 1, 3].

This is Amparo's second motion for modification of his sentence.  Amparo filed his initial motion on October 13, 2020, [ECF No. 73], and, on November 4, 2020, the Court denied it with leave to renew.  [ECF No. 83].  Amparo premised his initial motion on (1) a combination of health conditions that could make COVID-19 particularly dangerous if he were to contract it,

(2) an impending surgery which he believed would not be performed safely at MVCI,

(3) individuals at MCVI testing positive for COVID-19, and (4) lax implementation of necessary COVID-19 precautions (e.g., social distancing and mask wearing) at MVCI.[1]  See generally [ECF No. 73].  The Court concluded that, under the circumstances, Amparo had not met his burden of demonstrating "extraordinary and compelling reasons" justifying his early release. [ECF No. 83 at 6].  The Court also observed that, at the time it decided the motion, Amparo had served only a fraction of his two-year sentence.  [Id. at 6–7].  In granting leave to renew, the Court noted that Amparo's "recourse remains with the warden [of MVCI] or, perhaps, another motion with the Court if circumstances change and he has served a greater percentage of his sentence."  [Id. at 8].

## II.   DISCUSSION

In the instant motion, [ECF No. 84], Amparo argues that circumstances have changed since the Court denied his initial motion and that the Court should therefore modify his sentence. See generally [ECF Nos. 84 (motion), 85 (first supplement), 88-3 (second supplement)].  More specifically, he asserts that he is experiencing COVID-19 symptoms including fever and a cough, [ECF No. 84 at 2; ECF No. 85 at 1], and that individuals in his housing pod at MVCI developed COVID-19 symptoms and were moved to the facility's medical unit, [ECF No. 84 at 2–3].[2]  Additionally, Amparo alleges that MVCI's warden denied his July 30, 2020

---

[1] The Court assumes the parties' familiarity with the ongoing COVID-19 pandemic and the risk to inmates within the federal prison system.  The Court refers the reader to its order denying Amparo's initial motion, [ECF No. 83 at 2], for a description.

[2] He also asserts that, as of December 1, 2020, there were thirty-three positive COVID-19 cases at MVCI, [ECF Nos. 88-3, 88-4], but this does not represent a meaningful change in circumstances given that, in connection with his initial motion, he asserted that there were thirty positive cases, [ECF No. 80 at 1].

compassionate release request, in part, because of Amparo's immigration status and that, subsequently, United States Immigration and Customs Enforcement ("ICE") has indicated that it will not seek to deport him.  See [ECF No. 84 at 2; ECF No. 84-1 (letter from warden); ECF No. 84-2 ¶ 8 (sworn statement from Amparo's wife regarding ICE's determination)]; cf. ECF No. 84-3 (communication from ICE agent regarding "no interest letter")].

The Government opposes Amparo's motion, arguing that circumstances have not materially changed since the Court denied Amparo's initial motion and that Amparo must first seek relief from MVCI's warden.  See generally [ECF No. 89].

The statute under which Amparo seeks release, 18 U.S.C. § 3582, has an administrative exhaustion requirement.  Specifically, the statute provides that

> [t]he Court may not modify a term of imprisonment once it has been imposed except that . . . in any case . . . the [C]ourt, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . .

18 U.S.C. § 3582(c)(1)(A).  Here, Amparo has not exhausted his administrative avenues for relief.  Amparo asserts that MVCI's warden denied his request for compassionate release at least in part because of his immigration status.  [ECF No. 84 at 2].  Given that ICE has since indicated that it will not seek to deport Amparo, [id.; ECF No. 84-3 at 1; ECF No. 84-2 ¶ 8], Amparo should re-petition the warden, citing this change in circumstance as well as his concerns regarding COVID-19 at MVCI.  Only after he has done so—and either thirty days have elapsed or his petition is denied and Amparo has "fully exhausted all administrative rights to appeal"— may he seek recourse from this Court.  18 U.S.C. § 3582(c)(1)(A).  In sum, as the Court indicated in its initial order and as is clear from § 3582, Amparo's "recourse remains with the warden."  [ECF No. 83 at 8]; see also id. (noting that Amparo may seek relief from the Court

only "if circumstances change and he has served a greater percentage of his sentence"]; 18 U.S.C. § 3582(c)(1)(A).

### III.   CONCLUSION

Amparo must comply with § 3582's administrative exhaustion requirements.  He should re-petition MVCI's warden, citing the material change in his immigration status and raising his concerns regarding COVID-19 at MVCI.  Once he has done so, he may then, if warranted, seek relief from the Court.  Accordingly, Amparo's motion, [ECF No. 84], is <u>DENIED</u> with leave to renew.

**SO ORDERED.**

December 4, 2020                                                  /s/ Allison D. Burroughs
                                                                 ALLISON D. BURROUGHS
                                                                 U.S. DISTRICT JUDGE